UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re:<br>M3POWER RAZOR SYSTEM<br>MARKETING & SALES PRACTICES<br>LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>**ALL CASES** | CIVIL ACTION NO. 05-11177-DPW<br>(LEAD CASE)<br><br>MDL Docket No. 1704 |

## **JUDGMENT**

WHEREAS, Representative Plaintiffs and the defendant The Gillette Company ("Gillette") entered into an Amended Settlement Agreement dated April 20, 2010;

WHEREAS, on July 30, 2010, the Court entered an Order Authorizing Notice of Class Settlement and Notice of Final Fairness Hearing ("Order Authorizing Notice") (Dkt. No. 149) that, among other things, (a) certified, pursuant to Fed. R. Civ. P. 23, a class for the purposes of settlement only; (b) approved the form of notice to Settlement Class Members, and the method of dissemination thereof; (c) directed that appropriate notice of the settlement be given to the Settlement Class; and (e) set a hearing date for final approval of the settlement;

WHEREAS, on August 6, 2010, the Court entered its Memorandum and Order (Dkt. No. 150), which provides a more extended narrative of reasons for its entry of the Order Authorizing Notice;

WHEREAS, the notice to the Settlement Class ordered by the Court in its Order Authorizing Notice has been provided, as attested to in the Corrected Declaration of Shannon R. Wheatman, Ph.D. on Adequacy of Notice Plan (Dkt. No. 162), filed with the Court on March 14, 2011;

WHEREAS, the governmental notice required by the Class Action Fairness Act, 28 U.S.C. § 1715, has been provided, as attested to in the Affidavit of Mark P. Szpak as to The Gillette Company's Compliance with CAFA Notice Provisions (Dkt. No. 160) filed with the Court on March 11, 2011; and

WHEREAS, on March 25, 2011, a hearing was held on whether the settlement set forth in the Amended Settlement Agreement was fair, reasonable, adequate, and in the best interests of the Settlement Class, such hearing date being a due and appropriate number of days after such notice to the Settlement Class and the requisite number of days after such governmental notice;

NOW THEREFORE, having reviewed and considered the submissions presented with respect to the settlement set forth in the Amended Settlement Agreement and the record in these proceedings, having heard and considered the evidence presented by the parties and the argument of counsel, having determined that the settlement set forth in the Amended Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class, and noting that, as set forth in Paragraph 7.5 of the Amended Settlement Agreement, the application of Settlement Class Counsel for an award of fees, costs and expenses, and for incentive awards to Representative Plaintiffs and Named Plaintiffs, are separate from the issue of whether final approval should be given to settlement set forth in the Amended Settlement Agreement, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.  The Court incorporates by reference the definitions set forth in the Amended Settlement Agreement. Without limiting the effect of that incorporation, the following terms used in this Judgment have the following meanings defined in the Amended Settlement Agreement:

a. The term "Released Claims" has the following meaning:

Any and all claims (including Unknown Claims), actions, allegations, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether contingent or non-contingent, and whether at law or equity, including those arising under state or federal law of the United States or under provincial or federal law of Canada (including, without limitation, any causes of action under Mass. Gen. Laws. Ch. 93A, the California Business & Professional Code § 17200 *et seq.* and § 17500 *et seq.*, California Civil Code § 1750 *et seq.*, and any similar statutes in effect in any other states in the United States, the Competition Act of Canada, the Quebec Civil Code, the Quebec Consumer Protection Act, the Ontario Sale of Goods Act, and any similar statutes in effect in Canada or the provinces of Canada; negligent misrepresentation; intentional misrepresentation; breach of express warranty; breach of implied warranty of fitness of particular purpose; and unjust enrichment), and including, but not limited to, any and all claims in any state or federal court of the United States, or any provincial or federal court of Canada, for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, and any other form of relief, that either have been asserted or could have been asserted against Gillette and its Related Parties based on, relating to, or arising out of the allegations, facts, or circumstances alleged in the Litigation. Released Claims shall not include the right of any Settlement Class Member or Gillette to enforce the terms of the settlement contained in the Amended Settlement Agreement. Released Claims shall not include alleged bodily injury claims, if any, of any Settlement Class Member arising from the purported use of an M3Power Razor.

b. The Term "Unknown Claims" has the following meaning:

Any of the Released Claims that any Representative Plaintiff and/or any Settlement Class Member does not know or suspect to exist in his favor at the time of the release of the Released Persons which, if known by him, might have affected his settlement with and release of the Released Persons, or might have affected his decision not to object to and/or participate in this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Representative Plaintiffs expressly shall have, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any

3

law of any state or territory of the United States or Canada, or principle of common law or international or foreign law (including Canadian law), which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Representative Plaintiffs and Settlement Class Members, and any of them, may hereafter discover facts in addition to or different from those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but the Representative Plaintiffs expressly shall have, and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims. The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the settlement of which this release is a part.

    c.    The term "Released Persons" has the following meaning:

Gillette and its Related Parties.

    d.    The Term "Related Parties" has the following meaning:

Gillette's past or present directors, officers, employees, principals, attorneys, predecessors, successors, parents, subsidiaries, affiliates and related or affiliated entities, including, without limitation, Procter & Gamble, Gillette Canada Company, and any other Person who could have been named as a defendant in any of the United States or Canadian actions in the Litigation.

2.     The Court has subject matter jurisdiction of this matter and all claims asserted against Gillette.

3.     The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of the

proposed settlement, the terms and conditions set forth in the Amended Settlement Agreement, and these proceedings to all Persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

4. Pursuant to Fed. R. Civ. P. 23 and this Court's Order Authorizing Notice, for the purposes of settling the Released Claims against the Released Persons in accordance with the Amended Settlement Agreement, the following Persons are members of the Settlement Class:

> All Persons in the United States of America or Canada who purchased or otherwise acquired for use and not resale an M3Power Razor in the United States during the period May 1, 2004 through September 30, 2005, or in Canada during the period May 1, 2004 through October 31, 2005. Excluded from the definition of Settlement Class are Gillette, any entity in which Gillette has a controlling interest or which has a controlling interest in Gillette, Gillette's attorneys, successors, or assigns, the directors and officers of Gillette and the directors and officers of any entity in which Gillette has a controlling interest or which has a controlling interest in Gillette. Also excluded from the definition of Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class.

5. Excluded from the Settlement Class are those Persons identified in Exhibit A hereto who submitted timely and valid requests for exclusion from the Settlement Class ("Opt-Outs"). Opt-Outs shall neither share in the distribution of the Settlement Fund nor receive any benefits of the terms of the Amended Settlement Agreement, and shall not be bound by this Judgment.

6. Representative Plaintiffs and Settlement Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the Settlement.

7. All objections to the settlement set forth in the Amended Settlement Agreement having been considered and having been found either to be mooted by the settlement or not supported by credible evidence, the settlement set forth in the Amended Settlement Agreement is

in all respects, fair, adequate, reasonable, proper, and in the bests of the Settlement Class, and is hereby approved.

8. Representative Plaintiffs, Gillette, and Settlement Class Members shall consummate the settlement according to the terms of the Amended Settlement Agreement. The Amended Settlement Agreement, and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

9. The Amended Consolidated Class Action Complaint and all the claims alleged in the Litigation are hereby dismissed with prejudice, each party to bear his own costs, except as may be expressly provided in the Amended Settlement Agreement.

10. Each Released Claim of each Settlement Class Member, irrespective of whether such Settlement Class Member submitted a claim for payment or a Replacement Razor or a claim for a Settlement Razor under paragraph 2.3(b) of the Amended Settlement Agreement, is hereby extinguished as against the Released Persons. Representative Plaintiffs and each Settlement Class Member shall be deemed conclusively to have compromised, settled, discharged, and released the Released Claims against the Released Persons upon the terms and conditions provided in the Amended Settlement Agreement.

11. Settlement Class Members, irrespective of whether a Settlement Class Member submitted a claim for payment or Replacement Razor or a claim for a Settlement Razor under paragraph 2.3(b) of the Amended Settlement Agreement, shall be and hereby are permanently barred and enjoined from, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, commencing, prosecuting, or participating in any

recovery in, any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims against the Released Persons is asserted.

12. The Released Persons shall be deemed conclusively to have fully, finally, and forever released, relinquished, and discharged Representative Plaintiffs, Settlement Class Members, Settlement Class Counsel, and all other plaintiffs' counsel who have consented to and joined in the settlement, from all claims based upon or arising out of the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims, except as set forth in the Amended Settlement Agreement.

13. Neither this Judgment, the Amended Settlement Agreement, the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Amended Settlement Agreement or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of Gillette or any of its Related Parties, including, without limitation, any of its subsidiaries or affiliates; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Gillette or any of its Related Parties, including, without limitation, any of its subsidiaries or affiliates, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Gillette or any of its Related Parties may file the Amended Settlement Agreement and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.     The Court has reviewed the attorneys' fees, costs and expenses petition filed by Settlement Class Counsel on behalf of all Plaintiffs' Counsel and awards fees, costs, and expenses in the amount of $1,850,000. Further, the Court awards incentive awards in the amount of $1000 in U.S. dollars to each Representative Plaintiff who was deposed, namely, Adam Kline and Collin McGeary.

15.     The parties have stipulated and the Court has determined that the Court's decision to grant final approval of the settlement set forth in the Amended Settlement Agreement is separate from the issues raised by Settlement Class Counsel's petition for fees, costs, and expenses, and for incentive awards to Representative Plaintiffs and Named Plaintiffs.

16.     Without affecting the finality of this Judgment in any way, the Court retains continuing jurisdiction over the Settling Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Amended Settlement Agreement.

17.     In the event the Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated and, in such event, as provided in the Amended Settlement Agreement, this Judgment and all orders entered in connection herewith shall be vacated and null and void.

SO ORDERED.

/s/ Douglas P. Woodlock
Honorable Douglas P. Woodlock
United States District Court Judge

Dated: March 25, 2011



# EXHIBIT A
# LIST OF OPT-OUTS

1. Osceola Gatliff of Dallas, Texas
2. Louis S. Gratton of Ontario, Canada